IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

BETTY J. BUSH,

    Plaintiff,

                                No. 14-2663-SHL-dkv

vs.

MILLINGTON HEALTH CARE and
LISA LINDERMAN,

    Defendants.

_____

REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL
_____

On August 26, 2014, the plaintiff, Betty J. Bush ("Bush"), filed a *pro se* complaint against the defendants, Millington Health Care ("MHC") and Lisa Linderman ("Linderman"), alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl., ECF No. 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which the court granted on August 27, 2014, (ECF No. 4). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that Bush's Title VII gender discrimination claim against MHC be dismissed and that Bush's Title VII claims against Linderman be dismissed for failure to state a claim.

## I. PROPOSED FINDINGS OF FACT

Bush filed her complaint on a court-supplied form styled "Complaint under Title VII of the Civil Rights Act of 1964." In the complaint, Bush alleges that MHC and Linderman discriminated against her on October 10, 2013 on the basis of race and sex by refusing to offer or give her "equal pay as the male employee who has the same title position PRN and the white female that was employee of Millington Health also was working more hours and receiving higher pay for same position and job." (Compl. ¶ 9, ECF No. 1.)

In the space provided on the form for stating the circumstances under which the alleged discrimination occurred, Bush wrote:

> I was receiving regular hours and suddenly it change [sic] that Lisa Linderman/Director of Nursing reassigned several of my work days to a white female/Georgette Ray and she was also being pay [sic] more than me. I would have work schedule for whole month and when showing up for work my name will not be on the board and they will send me back home. My hours was [sic] given to Georgette Ray and her shift was from 11 p.m. to 7 a.m. but she was working my shift and her shift on the schedule that was given to me for the month and when arrival at work my name would not be on the board.

(*Id.* ¶ 10.)

The complaint states that Bush filed charges against MHC with the Equal Employment Opportunity Commission ("EEOC") on October 25, 2013, and that the EEOC issued a Notice of Right to Sue, which was received by her on June 5, 2014. (*Id.* ¶¶ 7, 8.) Attached to Bush's complaint is her EEOC Charge of Discrimination form and right-to-sue notice mailed by the EEOC on May 30, 2014, (ECF No. 1-1); ten earnings statements for Bush from Millington Health Care Center (ECF No. 1-2);

and time detail sheets for Bush, Daily Staffing Sheets, coded staffing sheets, and two pages with handwritten dates (ECF No. 1-3). In her EEOC Charge of Discrimination Bush checked only the box for "Race" discrimination and did not charge discrimination based on sex. In the statement of particulars in her EEOC Charge of Discrimination, Bush stated:

> In September 2013, Lisa Linderman (w/f), Director of Nursing, reassigned several of my work days to Georgette Ray (w/f), Certified Nursing Assistant. The reason given was that Ray reported to work at the start of the second shift, 3:00 p.m. I have reported to work around 4:00 pm or 4:30 pm since September 2013, per management's permission. In October 2013, my request to work PRN on several dates were [sic] denied. I believe that I have been discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Charge of Discrimination 2, ECF No. 1-1.)

> For relief, Bush states the following:

> I seek compensatory damages in the amount of $75,000 dollar [sic] because of being call [sic] in when needed as PRN my pay should has [sic] been $12.00 hr. and not $9.50 hr. and other PRN male and female was paid more than me. I seek punitive damages in the amount of $25,000 dollars for pain and suffering endure of household income that change [sic] my lifestyle of living in not being able to timely pay my bill and provide needed idems [sic] for my teenage son in this matter.

(Compl. ¶ 10, ECF No. 1.)

Bush also requests that defendants be directed to "consider mediation to settle this discrimination between me and their legal counsel in order not to waist [sic] the court [sic] time or proceed to trial." (*Id.* ¶ 12.)

II.   PROPOSED CONCLUSIONS OF LAW

A.   28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2).  The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening.  The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.   Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625,

629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard."  *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (internal quotation

5

marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. Bush's Racial Discrimination Claim Against MHC

The essential elements of a Title VII discrimination claim are (1) that the plaintiff is a member of a protected group; (2) that she was subjected to an adverse employment decision; (3) that she

was qualified for the position; and (4) that either similarly situated non-protected employees were treated more favorably or she was replaced by someone outside her protected class. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

The factual allegations in Bush's complaint are sufficient for the court to infer the essential elements of a race discrimination claim against MHC and to put MHC on fair notice of Bush's claim and the grounds upon which it rests. In the instant case, Bush alleges that she was discriminated against based on her race (black), thus she is a member of a protected class. Additionally, Bush alleges that she suffered an adverse action in that she was paid less money per hour than a white female coworker and she received fewer hours on the work schedule than a white female coworker.

C. Bush's Sex Discrimination Claim Against MHC

To the extent Bush purports to raise a Title VII discrimination claim against MHC based on sex discrimination, Bush has not exhausted administrative remedies. "A person seeking to bring a discrimination claim under Title VII in federal court must first exhaust her administrative remedies." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006)(citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976)). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than

through litigation.  *Id.* at 731–32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)).  Administrative exhaustion involves: (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice.  *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006)(citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).

The charge of discrimination must be liberally construed, and it need not "conform to legal technicalities" or "use the exact wording which might be required in a judicial pleading."  *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(internal quotation marks omitted)(citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)).  Nonetheless, for a discrimination claim to be amenable to suit in federal court, "[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim."  *Id.* (citing *Davis*, 157 F.3d at 463); *see also Hathcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)(stating that the claim must be one "reasonably expected to grow out of the charge of discrimination" (quotation omitted)).  Accordingly, "[i]f a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under Title VII."  *Powers*

*v. Sonoco Prods, Co.*, No. 11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011)(citing Davis, 157 F.3d at 464).

Bush did not mark the box on her EEOC discrimination charge corresponding to sex-based discrimination. Bush's EEOC charge is devoid of any hint her gender motivated the alleged discrimination. Even liberally construed, Bush's charge fails to give the EEOC sufficient notice of her sex discrimination claim "to investigate or facilitate conciliation with [her] employer." *See Knight v. Engert Plumbing & Heating, Inc.*, No. 3:07-CV-415, 2011 WL 3328399, at *5 (E.D. Tenn. Aug. 2, 2011). The EEOC cannot have reasonably been expected, upon consideration of Bush's charge, to investigate whether MHC paid her less money than male employees. *Cf. Nelson v. Gen. Elec. Co.*, 2 F. App'x 425, 428-29 (6th Cir. 2001)(affirming dismissal of failure-to-promote claims because the plaintiff failed to administratively exhaust them by not alleging them in her discrimination charge). In addition, Bush's claims of race and sex discrimination are inconsistent. She alleges in her complaint that other females, i.e., Georgette Ray, were paid higher wages than she was. Thus, her complaint fails to allege that members of a non-protected class were treated more favorably. It is therefore recommended that Bush's claim in this case against MHC for sex discrimination under Title VII be dismissed for failure to exhaust administrative remedies.

D.  <u>Bush's Title VII Claims Against Linderman</u>

There is no remedy under Title VII against a co-worker or supervisor in his or her individual capacity.  *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)(holding that individual liability is prohibited under Title VII and similar statutory schemes).  Because Linderman was Bush's supervisor and not her "employer" as defined by Title VII, Linderman cannot be held liable under Title VII.  Therefore, it is recommended that Bush's Title VII claims against Linderman be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

III.RECOMMENDATION

For the foregoing reasons, this court recommends that Bush's claim for gender discrimination be dismissed against both defendants and that Bush's Title VII claims against Linderman be dismissed for failure to state a claim upon which relief can be granted.

It is further recommended that the Clerk be directed to issue process for Millington Health Care and to deliver that process to the marshal for service; that service be made on Millington Health Care pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the United States.

It is further recommended that Bush be ordered to serve a copy of every document filed in this cause on the attorney for Millington

10

Health Care, make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this court's local rules,[1]  promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of her case without further notice.

   Respectfully submitted this 29th day of September, 2014.


                         s/Diane K. Vescovo
                         DIANE K. VESCOVO
                         UNITED STATES MAGISTRATE JUDGE



                              NOTICE

Within fourteen (14) days after being served with a copy of this
report and recommended disposition, a party may serve and file
written objections to the proposed findings and recommendations.  A
party may respond to another party's objections within fourteen (14)
days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).
Failure to file objections within fourteen (14) days may constitute
a waiver of objections, exceptions, and further appeal.

---

      1  A free copy of the Local Rules may be obtained from the Clerk.
The Local Rules are also available on the court's website at
www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.