IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BETTY J. BUSH, )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>MILLINGTON HEALTH CARE and LISA )<br>LINDERMAN, )<br>  )<br>    Defendants. ) | No. 2:14-cv-02663-SHL-dkv |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND PARTIALLY DISMISSING COMPLAINT**

Before the Court is the Magistrate Judge's "Report and Recommendation for Partial *Sua Sponte* Dismissal" (the "Report and Recommendation"), which was filed on September 29, 2014. (See ECF No. 5.) Plaintiff filed a timely objection to the Report and Recommendation on October 14, 2014. (See ECF No. 6.)

In the Report and Recommendation, the Magistrate Judge recommends that Plaintiff's Complaint (ECF No. 1) be partially dismissed *sua sponte* pursuant to 28 U.S.C. § 1915 (e) (2), which provides that the court must dismiss *sua sponte* any *pro se* complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons set forth below, the Court hereby ADOPTS the Report and Recommendation in its entirety and Plaintiff's claim of sex discrimination against Millington Health Care and claims of sex and race discrimination against Lisa Linderman are hereby DISMISSED. Plaintiff's claim of race discrimination against defendant Millington Health Care shall move forward.

### A. Plaintiff's race discrimination claim against Millington Health Care

Magistrate Judge Vescovo first recommended letting Plaintiff's race discrimination claim against Millington Health Care proceed, finding that Plaintiff had put forth sufficient facts to make out a *prima facie* case for race discrimination and properly exhausted administrative remedies for this claim. Neither party objected to this claim, and therefore the Magistrate Judge's findings are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"). On clear-error review, the Court hereby ADOPTS the Report and Recommendation as to Plaintiff's race discrimination claim against Millington Health Care.

### B. Plaintiff's sex discrimination claims

Magistrate Judge Vescovo next recommended that the Court dismiss Plaintiff's claims of sex discrimination because Plaintiff failed to exhaust her administrative remedies. The Court agrees with Judge Vescovo. A person seeking to bring a discrimination claim under Title VII in federal court must first exhaust her administrative remedies by timely filing a charge of employment discrimination with the EEOC and receiving and acting upon a statutory right-to-sue notice. Granderson v. Univ. of Mich., 211 F. App'x 398, 400 (6th Cir. 2006) (citing Puckett v. Tenn. Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989)). In order to exhaust administrative remedies, the claim must grow out of the facts alleged in the charge, and a plaintiff may not file suit under Title VII if a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination. Davis v. Sodexho, 157 F.3d 460, 463-64 (6th Cir. 1998).

Plaintiff's claims of sex discrimination must be dismissed because they do not grow out of the facts alleged in her charge. Plaintiff did not mark the box for sex discrimination when filing her charge and did not allege sex discrimination in her statement of facts. Moreover, Plaintiff's description of the circumstances under which the discrimination occurred only refer to another female employee allegedly receiving preferential treatment and do not refer to sex discrimination.[1] Even interpreting her claims liberally, the facts described in her charge do not give sufficient notice of her sex discrimination claims to allow the EEOC to investigate, therefore she has failed to exhaust her administrative remedies. Accordingly, the Court ADOPTS Magistrate Judge Vescovo's recommendation as to Plaintiff's sex discrimination claims and Plaintiff's sex discrimination claims are DISMISSED.

### C. Plaintiff's claims against Lisa Linderman

Finally, Magistrate Judge Vescovo recommends that all claims against Lisa Linderman be dismissed. Judge Vescovo correctly noted that there is no remedy under Title VII against a co-worker or supervisor in his or her individual capacity and that Linderman was Bush's supervisor and not her employer. See Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997). Plaintiff objects to this recommendation, but does not provide any factual or legal argument that refutes the Magistrate Judge's conclusion. Therefore, the Court ADOPTS the Recommendation as to Plaintiff's claims against Linderman and Plaintiff's claims against Lindreman are DISMISSED.

---

[1] Bush's charge stated: "I was receiving regular hours and suddenly it change [sic] that Lisa Linderman/Director of Nursing reassigned several of my work days to a white female/Georgette Ray and she was also being pay [sic] more than me. I would have work schedule for whole month and when showing up for work my name will not be on the board and they will send me back home. My hours was [sic] given to Georgette Ray and her shift was from 11 p.m. to 7 a.m. but she was working my shift and her shift on the schedule that was given to me for the month and when arrival at work my name would not be on the board." (EEOC Notice of Right to Sue, ECF No.1-1.)

## CONCLUSION

Plaintiff's claim of sex discrimination against Millington Health Care and all claims against Linderman are dismissed. Plaintiff's claim of race discrimination against Millington Health Care remains in the case, and the Clerk is directed to issue process for Millington Health Care and to deliver that process to the marshal for service; that service be made on Millington Health Care pursuant to Rule 4 (h) (1) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the United States.

It is further ordered that Bush must serve a copy of every document filed in this case on the attorney for Millington Health Care, make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this court's local rules, and promptly notify the Clerk of any change of address or extended absence. If Plaintiff fails to comply with these requirements, or any other order of this Court, her case may be dismissed without further notice.

**IT IS SO ORDERED,** this 2nd day of December, 2014.

/s/ Sheryl H. Lipman
SHERYL H. LIPMAN
U.S. DISTRICT COURT JUDGE